# Exhibit A

Oleg I. Albert, Esq. (SB# 251270)
Christopher R. Le Clerc (SB# 233479)
**LE CLERC & LE CLERC LLP**
155 Montgomery Street, Suite 1004
San Francisco, CA 94104
Telephone: (415) 445-0900
Fax: (415) 445-9977
Email: oleg@leclerclaw.com
        chris@leclerclaw.com

Attorneys for Plaintiff
SHIRISH MALEKAR

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**07/18/2022**
**Clerk of the Court**
BY: LAURA SIMMONS
Deputy Clerk

IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

[UNLIMITED JURISDICTION]          **CGC-22-600771**

| | |
|---|---|
| SHIRISH MALEKAR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>VINCE BIRLEY, an individual; MOHAMMAD BAKI, an individual; VIDENT FINANCIAL, LLC, a Limited Liability Company; VIDENT INVESTMENT ADVISORY, LLC, a Limited Liability Company; and DOES 1 – 50, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>1. **FRAUD – FALSE PROMISE**<br>2. **FRAUD – CONCEALMENT**<br>3. **CONSPIRACY**<br>4. **BREACH OF ORAL CONTRACT**<br>5. **BREACH OF CONTRACT – ANTICIPATORY REPUDIATION**<br>6. **BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**<br>7. **PROMISSORY ESTOPPEL**<br>8. **INTENTIONAL INTEREREFERENCE WITH CONTRACTUAL RELATIONS**<br>9. **BREACH OF CONTRACT**<br>10. **UNFAIR COMPETITION** |

LE CLERC & LE CLERC LLP
155 Montgomery Street, Suite 1004 ♦ San Francisco, CA 94104

### ***PARTIES***

#### ***PLAINTIFF***

1. Plaintiff SHIRISH MALEKAR is an adult individual. The acts, omissions and/or events set forth in this Complaint occurred to him in whole or in part in the City and County of San Francisco, California.

#### ***DEFENDANTS***

2. Defendant VINCE BIRLEY is an adult individual, citizenship unknown.

3. Defendant MOHAMMAD BAKI is an adult individual, citizenship unknown.

4. Defendant VIDENT FINANCIAL, LLC is a limited liability company headquartered in the State of Georgia.

5. VIDENT INVESTMENT ADVISORY, LLC is a limited liability company headquartered in the State of Georgia.

6. The true names and capacities of defendants sued in the Complaint under the fictitious name of DOES 1 – 50, inclusive, are unknown to Plaintiff who therefore sues defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by such unlawful conduct.

7. Whenever reference is made in this complaint to any act of any corporate or other business defendant, such allegations shall mean that such defendant did the acts alleged in the complaint through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority. Additionally, whenever reference is made to any act of any natural person employed by any corporate or other business entity defendant, such allegations shall mean that such person did the acts alleged in the complaint while acting within the scope of their actual or ostensible authority.

8. Plaintiff is informed and believes and thereon alleges that at all relevant times, each

1
COMPLAINT
*Malekar v. Vince Birley, et al. (San Francisco Co. Sup. Ct., Case No. _____)*

defendant acted as an agent, representative, employer and/or employee of each of the other defendants and acted within the course and scope of said agency or representation or employment with respect to the causes of action in this complaint.

### *JURISDICTION & VENUE*

9. Plaintiff brings this action pursuant to common and statutory laws.

10. Defendants, and each of them, continuously, repeatedly, and intentionally maintained sufficient minimal contacts with Plaintiff who was in California such that the Courts of the State of California to have jurisdiction over this matter.

11. Venue is proper in this Court because the acts, omissions and/or events set forth in this Complaint, occurred in whole or in part in San Francisco, California.

12. State policy favors jurisdiction and venue in San Francisco, California because the State of California has a policy of protecting California residents and ensuring the applicability of California laws.

13. Plaintiff is informed and believes, and thereon alleges, that the relative costs and burdens to the parties herein favor the filing of this lawsuit in this Court. Defendants suffer no burden or hardship by having to defend this case in this Court. However, Plaintiff would suffer severe and undue burden and hardship if he were required to file in an alternative forum, if any such forum exists. Such burden and hardship on Plaintiff include but is not limited to prohibitive monetary expenses for travel, obtaining counsel in a different venue and/or jurisdiction, increased expenses to investigate and obtain evidence and depose and interview witnesses.

14. The amount in controversy exceeds the minimum jurisdictional threshold of this Court.

### GENERAL FACTUAL ALLEGATIONS

15. Mr. Shirish Malekar was employed by Vident Financial LLC ("VF") from March 2015 through March 2018. He was always employed in San Francisco, CA.

LE CLERC & LE CLERC LLP
155 Montgomery Street, Suite 1004 ♦ San Francisco, CA 94104

16. VF is a financial management company. To be exact, VF owns several ETF funds; an "ETF fund" is a basket of various securities (e.g., bonds), shares of which are sold on public exchanges such as New York Stock Exchange ("NYSE").

17. During Mr. Malekar's employment with VF, VF was in a business relationship with two entities: Vident Investment Advisory, LLC ("VIA"), a defendant in this action; and WeatherStorm Capital, LLC ("WSC"), not a party to this lawsuit.

18. Upon information and belief, VIA and WSC were "advisor(s)" or "sub-advisor(s)" to VF within the meaning of Investment Company Act of 1940.

19. VIA provides services to meet the risk and return objectives of ETF sponsors and asset managers with domestic and global portfolios covering both traditional and alternative investment strategies. For these services, VIA charges a percentage of the funds managed.

20. The ETFs VIA sub-advises are VIDI, VUSE, VBND, and PPTY. They are sold on the NYSE.

21. Upon information and belief, the industry standard for a company like VIA is to charge five (5) "basis points," which equals to 0.05%, or 0.0005, of the market value of the funds managed. However, the basis points may be higher depending on the customer.

22. So, for example, if total funds managed is $5 billion dollars during the course of one year, and every customer is charged five basis points, then VIA's annual gross revenue would be about $2,500,000.

23. VIA publicly advertises the value of assets under management on its website: https://www.videntinvestmentadvisory.com.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

LE CLERC & LE CLERC LLP
155 Montgomery Street, Suite 1004 ♦ San Francisco, CA 94104



## Our Services

Vident Investment Advisory, LLC (VIA) offers a full suite of services tailored to meet the risk and return objectives of ETF sponsors and asset managers with domestic and global portfolios covering both traditional and alternative investment strategies.

## Our Team

The VIA team's collective industry spectrum of asset classes ranging income to commodities, currencies brings innovation and expertise to management of funds and has ma services and portfolio manageme

**$10.15 Billion Assets Under Management**

**ETFs**

**UCITS**

**Hedge Funds**

As of 3/31/22

**Denise Krisko (Lee)**
January 3, 1967 - June 10, 2020

23   24.   As of March 31, 2022, VIA advertised to have over $10 billion of assets under

24         management, see screenshot above.

25   25.   Meaning, assuming assets under management remains relatively constant throughout 2022,

26         and every customer is charged the industry standard five basis point, VIA's annual gross

27         revenues will be about $5,000,000.

28

26. However, this is likely a lower figure than reality. In a public disclosure, https://reports.adviserinfo.sec.gov/crs/crs_171004.pdf, VIA explained that:

"Our investment sub-advisory fee for equity SMAs is typically 0.20% for the first $20 million in assets under management, 0.15% on the next $20 million, and 0.10% on assets under management exceeding $40 million on an annual basis. However, a fee of 0.30% for the first $20 million in assets under management, 0.25% on the next $20 million, and 0.20% on assets under management exceeding $40 million on an annual basis will be assessed if an account's third-party manager directs the account into a non-standard target strategy. All such sub-advisory fees are payable quarterly in advance based on the value of the assets under management at the end of the preceding quarter. Our sub-advisory fees are negotiable, on a case-by-case basis."

27. Meaning, it is possible, if not likely, that VIA's annual gross revenues in a year when funds under management is at about $10 billion dollars, can easily reach between $10,000,000 and $15,000,000.

28. VIA is owned in whole or in part by VF, or in alternative, by an entity who is owned, in whole or in part, or controlled by VF.

29. Further, during his tenure at VF, Mr. Malekar held the title of Chief Investment Officer ("CIO") for both VIA and WSC.

30. In his role as the CIO, Mr. Malekar was responsible for research, development, and implementation of trading strategies for VF's ETFs through advisory services from VIA and WSC.

31. At the time of his hiring at VF, as an incentive to induce Mr. Malekar to agree to employment by VF, and material to his decision to become an employee, Mr. Malekar was promised an Option to purchase 5% of Membership Interest in VIA. The Option would vest over 4 years in equal installments every month, i.e., 1/48 of 5% (or 0.10416667%) every month.

32. In mid to late 2017, Vince Birley ("Defendant Birley") became VF's Chief Executive Officer ("CEO").

33. Upon information and belief, contemporaneously, Defendant Birley became VIA's "Managing Member" and "Executive Committee Member" within the meaning of applicable law.

34. As of April 1, 2018, Mr. Malekar was no longer employed by VF.

35. At or around the time of his employment with VF coming to an end, Mr. Malekar acquired WSC from VF, and became WSC's Chief Executive Officer. This information was known to Defendant Birley, and various other executives at VF, including but not limited to Mohammad Baki ("Defendant Baki").

36. At that time of Mr. Malekar's separation, VF entered into a three (3) year contract with WSC (an entity in which Mr. Malekar had Membership Interest, and where he held the position of CEO) for investment research and strategy services. The third, and final year of the contract required VF to pay WSC $25,000.00 per month for WSC's (and by extension Mr. Malekar's) services.

37. The agreement between WSC and VF was known to Defendant Birley, and various other executives at VF, including but not limited to Defendant Baki.

38. Further, by end of March 2018, Mr. Malekar had vested into 3.75% out of the possible 5% of Options of Membership Interest in VIA.

39. While Mr. Malekar was still an employee of VF, in early 2018, Defendant Birley repeatedly asked Mr. Malekar not to "exercise" his vested Options in VIA.

40. Defendant Birley told Mr. Malekar that his vested options were worth $250,000. This valuation of 3.75% was a function of the fair market value of VIA given that it provided investment advisory services for approximately $4.5 billion in assets—for which it charged and was paid fees on a regular basis.

41. Defendant Birley repeatedly asked Mr. Malekar not to "exercise" his vested Options because the custom and practice for VF/VIA is to buy out Membership Interest of any person who is no longer employed by VF. In effect, VF/VIA had the right of first refusal to acquire the Membership Interest wherein the holder, such as Mr. Malekar, had to offer

COMPLAINT
*Malekar v. Vince Birley, et al. (San Francisco Co. Sup. Ct., Case No. _____)*

LE CLERC & LE CLERC LLP
155 Montgomery Street, Suite 1004 ♦ San Francisco, CA 94104

his Membership Interest to VF/VIA first. In fact, VF/VIA had done this exactly with respect to Membership Interest of another employee, whose employment with VF ended at or about the same time as Mr. Malekar's. Said Membership Interest of 1.5% was acquired for $100,000 from the employee by either VF or VIA.

42.   Defendant Birley explained the reason he didn't want Mr. Malekar to exercise the vested Options: at that time, there were insufficient funds to buy Mr. Malekar out since the company(ies) would be buying out another employee's 1.5% for $100,000, and Mr. Malekar's 3.75% would be worth $250,000.

43.   Stated differently, despite millions of dollars in revenues for investment advisory services the companies Defendant Birley managed were cash poor, i.e., they were poorly managed with respect to cash on hand and their foreseeable expenses.

44.   Believing Defendant Birley's representations about the poor state of VF's/VIA's balance sheets when it comes to cash, Mr. Malekar did not exercise his vested Options in 2018.

45.   However, at that time, VIA entered into a written agreement with Mr. Malekar wherein he had until March 31, 2021, to exercise his vested Options for 3.75% Membership Interest in VIA, instead of the right lapsing upon separation from his employment with VF which was always in the State of California.

46.   Attached hereto as **Exhibit A** is a true and correct copy of the written agreement, signed by Vince Birley on March 30, 2018, granting Mr. Malekar until March 31, 2021, to exercise his vested Options for 3.75% of VIA 's Membership Interest.

47.   In mid-2020, having waited for two (2) years, Mr. Malekar believed it was time to exercise his vested Options and confirm his ownership of 3.75% of Membership Interest.

48.   This timing coincided with a co-founder of VIA passing away. Ms. Denise Krisko co-founded VIA, and upon information and belief held a significant Membership Interest in VIA. The industry standard would have been for her to have had at least 10% of Membership Interest, or Options to acquire said vested interest, but likely a higher percentage given her role and tenure as a co-founder of VIA. Upon further information and

COMPLAINT
*Malekar v. Vince Birley, et al. (San Francisco Co. Sup. Ct., Case No. _____)*

LE CLERC & LE CLERC LLP
155 Montgomery Street, Suite 1004 ♦ San Francisco, CA 94104

LE CLERC & LE CLERC LLP
155 Montgomery Street, Suite 1004 ♦ San Francisco, CA 94104

belief, Ms. Krisko left her estate to her husband from whom VF/VIA was seeking to buyout.

49. VF/VIA, and its management, want to retain complete control over the Membership Interest such that there are no active Membership Interest holders. This is because an interest holder in VIA, which is an LLC, would be entitled to inspect VIA's books/records, including financials, and participate in decision-making pertaining to these matters.

50. In mid-2020, while a citizen of California, Mr. Malekar attempted to arrange the exercise of his vested Options in VIA. Defendant Birley discouraged him. Defendant Birley told Mr. Malekar not to exercise the Options but promised a payout of the value of Mr. Malekar's Membership Interest in VIA when VIA/VF would payout Ms. Krisko's estate. Moreover, at that time, Defendant Birley changed the subject away from the mechanics of formalizing Mr. Malekar ownership of the Membership Interest when Mr. Malekar made attempts to accomplish it. Contemporaneously, Defendant Baki was contacting Mr. Malekar on behalf of Defendant Birley and discouraging him from exercising his vested Options as well.

51. In October 2020, Defendant Birley spoke with Mr. Malekar, a citizen of California. Defendant Birley told Mr. Malekar that VIA's value was being appraised, and that the appraisal would happen soon, within months, and certainly within less than one year from the date of their October 2020 conversation.

52. In exchange for not exercising his vested Options, and to save VF/VIA legal costs, Defendant Birley promised Mr. Malekar that he would be (1) informed when VIA's appraisal was completed, and (2) that Mr. Malekar's Membership Interest would be acquired contemporaneously with formalizing Mr. Malekar's exercise of his vested Options. Again, this would all be a matter of a few months. Defendant Birley assured Mr. Malekar that he had earned his Membership Interest and that any further action was unimportant to Mr. Malekar's rights as the Membership Interest holder. This took place

over a series of telephone conversations between Mr. Malekar and Mr. Birley at or about October-November 2020.

53.   Upon further information and belief, various executives at VF, including but not limited to Defendant Baki, knew of the agreement above as of the time of it being made.

54.   Mr. Malekar did not enter into a written agreement confirming the bargain above. A factor in Mr. Malekar's decision was Defendant Birley's carefully crafted image of a person with Christian values – an image Defendant Birley uses to solicit investors.

55.   Below is a sample of the public persona, https://www.faithdriveninvestor.org/blog/2019/9/19/behavioral-finance-and-the-christian-investor-vince-birley-cef:



56.   Mr. Malekar did not enter into a written agreement re agreement above, because among other factors, he believed that as a purported person of Christian values, Defendant Birley, was honest and truthful, and would keep to the oral agreement he made with Mr. Malekar.

9

COMPLAINT
*Malekar v. Vince Birley, et al. (San Francisco Co. Sup. Ct., Case No. _____)*

57. Being truthful is a Christian value, e.g., Hebrews 6:18 (New Living Translation) - "So God has given both his promise and his oath. These two things are unchangeable because it is impossible for God to lie." Meaning, if God is the truth, lying is moving away from God.

58. In November 2020, during another conversation by and between Mr. Malekar and Defendant Birley, Mr. Malekar, a Citizen of California, raised the issue of formalizing his ownership of 3.75% Membership Interest in VIA. Defendant Birley reassured Mr. Malekar that the valuation would be ready any day, that he would inform Mr. Malekar of its completion, and that the buyout would happen at that time and contemporaneously to Mr. Malekar being confirmed as owner of 3.75% Membership Interest in VIA—all of this would certainly occur within a matter of a couple of months, tops. In other words, Defendant Birley confirmed the agreement made with Mr. Malekar that would allow Defendant VF/VIA to save on legal costs (purportedly).

59. Upon information and belief, VF/VIA hired a third-party appraiser who performed a market value analysis of VIA, which was completed at or about the end of 2020.

60. Upon further information and belief, Defendant Birley and various other executives at VF, including but not limited to Defendant Baki, knew of the appraisal being completed at the time of its completion, and/or of the deadline for its completion.

61. Still in late 2020, Defendant Birley threatened Mr. Malekar that VF will withhold payments due to WSC under its agreement with VF should Mr. Malekar exercise his vested Options before a time when Mr. Malekar would be given the green light pursuant to Defendant Birley's agreement with Mr. Malekar. Indeed, VF withheld payment for November 2020 and December 2020 from WSC.

62. Mr. Malekar was not informed of the appraisal being completed in 2020, nor was he informed of its completion at any time in 2021. Quite the opposite, Defendant Birley either avoided the subject and/or represented to Mr. Malekar that it was not yet completed when Mr. Malekar made efforts to discuss the mechanics of exercising his vested Options in late 2020 having not heard about the status of the appraisal. Again, an appraisal had been

COMPLAINT
*Malekar v. Vince Birley, et al. (San Francisco Co. Sup. Ct., Case No. _____)*

LE CLERC & LE CLERC LLP
155 Montgomery Street, Suite 1004 ♦ San Francisco, CA 94104

LE CLERC & LE CLERC LLP
155 Montgomery Street, Suite 1004 ♦ San Francisco, CA 94104

completed at or about the end of 2020, and was known to Defendant Birley, and others, like Defendant Baki.

63. In early 2021, having not heard about completion of the appraisal, Mr. Malekar contacted Defendant Birley and raised the issue of formalizing his 3.75% Membership Interest in VIA. Defendant Birley responded that he would not agree to this, and that in his official capacity, he would preclude any such event from taking place as it would require certain documents to be created, actions taken internally, and expenditures on attorneys' fees that he wanted to avoid. However, Defendant Birley again confirmed the agreement he made with Mr. Malekar in 2020.

64. Moreover, and in exchange for Mr. Malekar not formalizing his 3.75% Membership Interest prior to March 31, 2021, Defendant Birley promised that Mr. Malekar would be paid for the value of his 3.75% of Membership Interest once a valuation was completed.

65. Upon information and belief, there were numerous reasons for refusing formalizing of Membership Interest, including but not limited to, (1) the desire to keep vested Option holders, like the Krisko estate and Mr. Malekar in the dark about the revenues and expenditures of VIA so that they would not know the value of VIA, as measured by its revenues; and (2) to deny and deprive vested Option holders, like the Krisko estate and Mr. Malekar, from accessing its records and participating in management decisions of VIA, which was otherwise controlled by VF/VIA and its management, including but not limited to Defendant Birley and Defendant Baki.

66. Upon further information and belief, individuals like Defendant Birley and Defendant Baki stand to gain pecuniary benefits from net profits of VIA as Defendant Birley is the "manager" of VIA, and net profits of VIA, as a captive entity of VF, result in compensation for both Defendant Birley and Defendant Baki.

67. In or about November 2021, Defendant Birley, Defendant Baki, Defendant VF and Defendant VIA, acting through an agent, informed Mr. Malekar that he did not own the 3.75% Membership Interest because he didn't formalize his exercise of the vested Options.

68. Meaning, Mr. Malekar was both cheated out of his Membership Interest of 3.75% and its value based on VIA's fair market value, which Mr. Malekar believes and alleges to be about $30,000,000.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION
#### Fraud – False Promise
[Against Defendants Vince Birley, Vident Financial LLC,
Vident Investment Advisory LLC, and DOES 1-50]

69. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein, or in alternative, Plaintiff realleges and incorporated herein Paragraphs 1 through 68 as though set forth fully herein.

70. Defendant Birley acting in his personal capacity, and/or his official capacity for Vident Financial LLC and Vident Investment Advisory LLC, made promises to Mr. Malekar to *inter alia* inform him when the appraisal of VIA was complete.

71. Defendant Birley acting in his personal capacity, and/or his official capacity for Vident Financial LLC and Vident Investment Advisory LLC, did not intend to perform promises when they were made.

72. Defendant Birley acting in his personal capacity, and/or his official capacity for Vident Financial LLC and Vident Investment Advisory LLC, intended that Mr. Malekar rely on promises made.

73. Mr. Malekar reasonably relied on the promises.

74. Defendant Birley, Vident Financial LLC, and Vident Investment Advisory LLC did not inform Mr. Malekar of the appraisal being completed at or about the end of 2020.

75. Mr. Malekar was harmed because he relied on said promises.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### SECOND CAUSE OF ACTION
#### Fraud – Concealment
[Against Defendants Vince Birley, Vident Financial LLC,
Vident Investment Advisory LLC, and DOES 1-50]

COMPLAINT
*Malekar v. Vince Birley, et al. (San Francisco Co. Sup. Ct., Case No. _____)*

LE CLERC & LE CLERC LLP
155 Montgomery Street, Suite 1004 ♦ San Francisco, CA 94104

76. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein, or in alternative, Plaintiff realleges and incorporated herein Paragraphs 1 through 75 as though set forth fully herein.

77. Defendant Birley acting in his personal capacity, and/or his official capacity for Vident Financial LLC and Vident Investment Advisory LLC, disclosed some facts (e.g., that appraisal of VIA was underway and would be completed soon, well within one year) to Mr. Malekar, but intentionally failed to disclose other facts (e.g., that the appraisal of VIA would be and was completed at or about end of 2020), making the disclosure deceptive.

78. Alternatively, Defendant Birley acting in his personal capacity, and/or his official capacity for Vident Financial LLC and Vident Investment Advisory LLC, intentionally failed to disclose certain facts (e.g., that the appraisal of VIA would be and was completed at or about end of 2020) that were known to him/them, and that Mr. Malekar could not have discovered.

79. Alternatively, Defendant Birley acting in his personal capacity, and/or his official capacity for Vident Financial LLC and Vident Investment Advisory LLC, prevented Mr. Malekar from discovering certain facts (e.g., that the appraisal of VIA was completed at or about end of 2020).

80. Mr. Malekar did not know that the appraisal of VIA would be and was completed at or about the end of 2020.

81. Defendant Birley acting in his personal capacity, and/or his official capacity for Vident Financial LLC and Vident Investment Advisory LLC intended to deceive Mr. Malekar by concealing facts.

82. Had the omitted information been disclosed, Mr. Malekar would have behaved differently with respect to his vested Options.

83. Mr. Malekar was harmed.

84.   Defendant Birley acting in his personal capacity, and/or his official capacity for Vident Financial LLC and Vident Investment Advisory LLC, concealment was a substantial factor in causing Mr. Malekar harm.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### THIRD CAUSE OF ACTION
*Conspiracy*
[Against Defendant Mohammad Baki, and DOES 1-50]

85.   Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein, or in alternative, Plaintiff realleges and incorporated herein Paragraphs 1 through 84 as though set forth fully herein.

86.   Whereas, Defendant Birley, acting in his personal capacity, committed tort(s) as alleged above.

87.   Whereas Defendant Baki was aware that Defendant Birley planned to commit tort(s) as alleged above.

88.   Whereas Defendant Baki agreed with Defendant Birley and intended that the fraud, alleged above, be committed.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### FOURTH CAUSE OF ACTION
*Breach of Oral Contract*
[Against Defendants Vident Financial LLC, Vident Investment Advisory LLC, and DOES 1-50]

89.   Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein, or in alternative, Plaintiff realleges and incorporated herein Paragraphs 1 through 88 as though set forth fully herein.

90.   Defendant Birley acting in his official capacity for Vident Financial LLC and Vident Investment Advisory LLC entered into an oral agreement with Mr. Malekar as alleged *supra*. The contract would be completed, by its terms, within one year of it being made.

LE CLERC & LE CLERC LLP
155 Montgomery Street, Suite 1004 ◆ San Francisco, CA 94104

LE CLERC & LE CLERC LLP
155 Montgomery Street, Suite 1004 ◆ San Francisco, CA 94104

91.  Said agreement was breached by VF and VIA when Mr. Malekar was not informed that the appraisal of VIA had been completed as of 2020 despite the terms of the agreement.

92.  Said agreement was also breached by VF and VIA by not formalizing Mr. Malekar's Membership Interest of 3.75% contemporaneously with a buyout of said interest upon completion of the appraisal at or about late 2020.

93.  As a result, Mr. Malekar has been harmed.

WHEREFORE, Plaintiff prays for judgment, as more fully set forth below.

### *FIFTH CAUSE OF ACTION*
*Breach of Contract – Anticipatory Repudiation*
[Against Defendant Vident Investment Advisory LLC, and DOES 1-50]

94.  Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein, or in alternative, Plaintiff realleges and incorporated herein Paragraphs 1 through 93 as though set forth fully herein.

95.  There existed a written agreement between VIA and Mr. Malekar wherein Mr. Malekar had until March 31, 2021 to exercise his rights to become an owner of 3.75% Membership Interest in VIA.

96.  VIA, through its authorized agent Defendant Birley, informed Mr. Malekar that no matter what he did, his exercise of vested Options would not be met with performance on VIA's end to formalize said act by Mr. Malekar.

97.  Through this, VIA anticipatorily breached its written agreement with Mr. Malekar.

98.  As a result, Mr. Malekar has been injured.

WHEREFORE, Plaintiff prays for judgment, as more fully set forth below.

### *SIXTH CAUSE OF ACTION*
*Breach of Duty of Good Faith and Fair Dealing*
[Against Defendants Vince Birley, Vident Investment Advisory LLC, and DOES 1-50]

99.  Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein, or in alternative, Plaintiff realleges and incorporated herein Paragraphs 1 through 98 as though set forth fully herein.

LE CLERC & LE CLERC LLP
155 Montgomery Street, Suite 1004 ◆ San Francisco, CA 94104

100. There existed a written agreement between VIA and Mr. Malekar wherein Mr. Malekar had until March 31, 2021 to exercise his rights to become an owner of 3.75% Membership Interest in VIA. Defendant Birley knew of said agreement.

101. There existed an agreement between WSC and VF for services over the course of three years, with the final year paying WSC $25,000 per month. Defendant Birley knew of said agreement.

102. Mr. Malekar was WSC's Membership Interest holder and CEO. Defendant Birley knew of said facts.

103. Mr. Malekar did all, or substantially all of the significant things that the contract required him to do, or was excused from having to do those things.

104. Defendant Birley acting in his personal capacity, and/or his official capacity for Vident Investment Advisory LLC, threatened to cause VF to withhold payments from WSC if Mr. Malekar pursued formalizing his ownership of 3.75% of Membership Interest in VIA.

105. By doing this, Defendants did not act fairly and in good faith.

106. Mr. Malekar was harmed by Defendants conduct.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### SEVENTH CAUSE OF ACTION
*Promissory Estoppel*
[Against Defendant Vident Investment Advisory LLC, and DOES 1-50]

107. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein, or in alternative, Plaintiff realleges and incorporated herein Paragraphs 1 through 106 as though set forth fully herein.

108. Defendant Birley acting in his personal capacity, and/or his official capacity for Vident Investment Advisory LLC, made promises to Mr. Malekar concerning *inter alia* promptly informing Mr. Malekar about VIA's appraisal being complete in exchange for Mr. Malekar delaying formalizing his 3.75% Membership Interest in VIA until such time.

COMPLAINT
*Malekar v. Vince Birley, et al. (San Francisco Co. Sup. Ct., Case No. _____)*

109. VIA's appraisal was completed at or about the end of 2020. Defendants Birley and VIA knew when the appraisal was completed.

110. Defendant VIA, acting through its agent Defendant Birley, did not inform Mr. Malekar that the appraisal was completed in 2020, or for that matter at any time in 2021. In fact, Defendant VIA, acting through its agent, Defendant Birley falsely informed Mr. Malekar in 2020 and 2021 that the appraisal was not yet completed in response to Mr. Malekar's questions.

111. Defendants intended that Mr. Malekar rely on the representations regarding there not being an appraisal so to cause him to not seek formalizing his 3.75% Membership Interest in VIA.

112. Mr. Malekar did not know at any time in 2020 or 2021 that the appraisal was completed at or about the end of 2020.

113. Mr. Malekar relied to his detriment on the dishonesty of Defendant Birley acting on his own behalf, and/or behalf of Defendant Vident Investment Advisory LLC.

WHEREFORE, Plaintiff prays for further relief as set forth below.

### EIGHTH CAUSE OF ACTION
*Intentional Interference with Contractual Relations*
[Against Defendants Vince Birley, Vident Financial LLC, and DOES 1-50]

114. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein, or in alternative, Plaintiff realleges and incorporated herein Paragraphs 1 through 113 as though set forth fully herein.

115. There was a written contract between Mr. Malekar and VIA, as alleged *supra*.

116. Defendants Birley and VF knew of said contract, as alleged *supra*.

117. Defendant Birley, in his individual capacity, and/or his official capacity for Defendant VF engaged in intentional acts, as described *supra*, to induce a breach or disruption of the contractual relationship between Mr. Malekar and VIA.

118. As described *supra*, there was a breach or disruption of the contractual relationship between VIA and Mr. Malekar.

LE CLERC & LE CLERC LLP
155 Montgomery Street, Suite 1004 ♦ San Francisco, CA 94104

119. As a result, Mr. Malekar has been damaged.

WHEREFORE, Plaintiff prays for further relief as set forth below.

### NINTH CAUSE OF ACTION
*Breach of Contract*
[Against Defendant Vident Investment Advisory LLC, and DOES 1-50]

120. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein, or in alternative, Plaintiff realleges and incorporated herein Paragraphs 1 through 119 as though set forth fully herein.

121. Mr. Malekar and VIA entered into a contract as described above.

122. Mr. Malekar did substantially all of the significant things he was required to do as alleged above; or, in alternative, Mr. Malekar was excused from having to formalize exercise of his vested Options of 3.75% of Membership Interest based on conduct alleged above; or, in alternative, formalizing the exercise of vested Options was waived and/or excused by an authorized agent, as alleged above.

123. VIA failed to perform by failing to grant Mr. Malekar 3.75% Membership Interest.

124. Mr. Malekar was harmed since he got neither the value of the Membership Interest, nor that Membership Interest itself.

125. VIA's conduct, through its agents, including but not limited to Defendant Birley, was a substantial factor in causing Mr. Malekar's harm.

WHEREFORE, Plaintiff prays for further relief as set forth below.

### TENTH CAUSE OF ACTION
*Bus. & Prof. Code section 17200, et eq.*
[Against Defendant Vident Financial LLC, and DOES 1-50]

126. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein, or in alternative, Plaintiff realleges and incorporated herein Paragraphs 1 through 125 as though set forth fully herein.

127. Whereas, as of the end of his tenure with Defendant VF, Mr. Malekar had accrued but unused personal time off/vacation time in the bank.

LE CLERC & LE CLERC LLP
155 Montgomery Street, Suite 1004 ◆ San Francisco, CA 94104

LE CLERC & LE CLERC LLP
155 Montgomery Street, Suite 1004 ♦ San Francisco, CA  94104

128. Whereas, at the time of his employment ending with Defendant VF, Mr. Malekar was a California-based employee, and had been a California-based employee during his tenure with Defendant VF.

129. Whereas Defendant VF failed to pay Mr. Malekar his accrued but unused personal time off/vacation time when Mr. Malekar's employment ended despite California law providing otherwise, see Cal. Labor Code section 227.3.

130. Whereas Defendant VF withheld wages concededly due to Mr. Malekar, in order to coerce a settlement of his claims for any disputed amounts due and owing to him.

131. Defendant's conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Mr. Malekar, and Defendant's competitors—other employers who don't withhold wages concededly due to their California employees to coerce a settlement of his claims for any disputed amounts due and owing to him.

132. Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq*.

133. At all times relevant hereto, Defendant was a "person" within the meaning of California Business & Professions Code section 17200, *et seq*.

134. A violation of California Business & Professions Code section 17200, *et seq*., may be predicated on the violation of any state or federal law. In this instant case, Defendant's policies and practices of withheld wages concededly due to an employee, in order to coerce a settlement of his claims for any disputed amounts due and owing to him. This is a violation of Cal. Labor Code section 206.5.

135. As a result of the herein described violations of California law, Defendant unlawfully gained an unfair advantage over other compliant employers.

136. Plaintiff, and Defendant's competitors, have been injured by Defendant's unlawful and/or unfair business acts and practices as alleged herein, including but not necessarily limited to the loss of money.

137. Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff is entitled to restitution of the wages withheld and retained by Defendant.

WHEREFORE, Plaintiff prays for further relief as set forth below.

### ***PRAYER FOR RELIEF***

WHEREFORE, Plaintiff makes the following demand:

a)   That process be issued and served as provided by law, requiring defendants, and each of them, to appear and answer or face judgment;

b)   For general, special, actual, compensatory and/or nominal damages, as against defendants, and each of them, in an amount to be determined at trial;

c)   For restitution pursuant to Business and Professions Code section 17200, et seq.;

d)   For injunctive relief pursuant to Business and Professions Code section 12700, et seq., prohibiting Defendants, and each of them, from engaging in unlawful and/or unfair business acts and practices of withhold wages concededly due to their California employees;

e)   For punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter defendants, and each of them, from further engaging in the conduct described herein, and to deter others from engaging in the same or similar acts;

f)   For pre and post-judgment interest on all damages and other relief awarded herein from all entities against whom such relief may be properly awarded;

g)   For reasonable attorneys' fees incurred herein pursuant to applicable law;

h)   For a constructive trust;

i)   For costs and expenses of this litigation; and,

j)   For all such other relief as this Court deems just and appropriate.

///
///
///
///

COMPLAINT
*Malekar v. Vince Birley, et al. (San Francisco Co. Sup. Ct., Case No. _____)*

LE CLERC & LE CLERC LLP
155 Montgomery Street, Suite 1004 ♦ San Francisco, CA 94104

Dated:  July 18, 2022

LE CLERC & LE CLERC LLP

By: _____

Oleg I. Albert, Esq.
Christopher R. Le Clerc, Esq.
Attorneys for Plaintiff
SHIRISH MALEKAR

**JURY TRIAL DEMANDED.**

Dated:  July 18, 2022

LE CLERC & LE CLERC LLP

By: _____

Oleg I. Albert, Esq.
Christopher R. Le Clerc, Esq.
Attorneys for Plaintiff
SHIRISH MALEKAR

COMPLAINT
*Malekar v. Vince Birley, et al. (San Francisco Co. Sup. Ct., Case No. _____)*

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Oleg I. Albert (SBN 251270), Christopher R. LeClerc    SBN: 233479<br>Le Clerc & Le Clerc LLP<br>155 Montgomery St., Suite 1004<br>San Francisco, CA 94104<br>TELEPHONE NO.: (415) 445-0900        FAX NO. *(Optional)* (415) 445-9977<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Shirish Malekar | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, 94102-4515
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER:  Shirish Malekar

DEFENDANT/RESPONDENT: Vince Birley, Mohammad Baki, Vident Financial, LLC, et al.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CGC22600771 |
|---|---|

TO *(insert name of party being served):* Vince Birley

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: August 29, 2022

Oleg I Albert, Esq
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X]  A copy of the summons and of the complaint.
2. [ ]  Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]        **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**        Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Oleg I. Albert (SBN 251270), Christopher R. LeClerc    SBN: 233479<br>Le Clerc & Le Clerc LLP<br>155 Montgomery St., Suite 1004<br>San Francisco, CA 94104<br>TELEPHONE NO.: (415) 445-0900        FAX NO. *(Optional):* (415) 445-9977<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Shirish Malekar | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, 94102-4515
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER:  Shirish Malekar

DEFENDANT/RESPONDENT: Vince Birley, Mohammad Baki, Vident Financial, LLC, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC22600771 |
|---|---|

TO *(insert name of party being served):* Vident Financial, LLC

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 29, 2022

Oleg I Albert, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [X]  A copy of the summons and of the complaint.
2. [ ]  Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>*www.courtinfo.ca.gov*<br>Westlaw Doc & Form Builder™ |
|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Oleg I. Albert (SBN 251270), Christopher R. LeClerc    SBN: 233479<br>Le Clerc & Le Clerc LLP<br>155 Montgomery St., Suite 1004<br>San Francisco, CA 94104<br>TELEPHONE NO.: (415) 445-0900         FAX NO. *(Optional):* (415) 445-9977<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  Shirish Malekar | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, 94102-4515
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER:  Shirish Malekar

DEFENDANT/RESPONDENT: Vince Birley, Mohammad Baki, Vident Financial, LLC, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC22600771 |
|---|---|

TO *(insert name of party being served):* Vident Investment Advisory, LLC

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: August 29, 2022

Oleg I Albert, Esq.
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X]  A copy of the summons and of the complaint.
2. [ ]  Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:

_____          ► _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Oleg I. Albert (SBN 251270), Christopher R. LeClerc    SBN: 233479
Le Clerc & Le Clerc LLP
155 Montgomery St., Suite 1004
San Francisco, CA 94104
TELEPHONE NO.: (415) 445-0900    FAX NO. *(Optional):* (415) 445-9977
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Shirish Malekar

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, 94102-4515
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER:  Shirish Malekar

DEFENDANT/RESPONDENT: Vince Birley, Mohammad Baki, Vident Financial, LLC, et al.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CGC22600771 |
|---|---|

TO *(insert name of party being served):* Mohammad Baki

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: August 29, 2022

Oleg I Albert, Esq.
(TYPE OR PRINT NAME)    ► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X]  A copy of the summons and of the complaint.
2. [ ]  Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:

_____    ► _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>*www.courtinfo.ca.gov*<br>Westlaw Doc & Form Builder™ |
|---|---|---|

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:** VINCE BIRLEY, an individual; MOHAMMAD
*(AVISO AL DEMANDADO):* BAKI, an individual; VIDENT FINANCIAL, LLC, a
Limited Liability Company; VIDENT INVESTMENT ADVISORY, LLC, a Limited
Liability Company; and DOES 1 – 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** SHIRISH MALEKAR, an individual,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Francisco 400 McAllister Street
San Francisco, California 94102-4515

</td><td>

CASE NUMBER:
*(Número del Caso):*
**CGC-22-600771**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Oleg I Albert, Christopher R. LeClerc, Le Clerc & Le Clerc LLP 155
Montgomery St., Suite 1004, San Francisco, CA 94104                    (415) 445-0900

DATE: **07/18/2022**                    Clerk, by **LAURA SIMMONS**              , Deputy
*(Fecha)*                               *(Secretario)*                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™