UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRISH MALEKAR,<br><br>    Plaintiff,<br><br>v.<br><br>VINCE BIRLEY, et al.,<br><br>    Defendants. | Case No. 22-cv-06187-HSG<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 16, 17 |

Before the Court is Plaintiff Shirish Malekar's motion to remand, Dkt. No. 16, and Defendant Mohammed Baki's motion to dismiss for lack of personal jurisdiction, Dkt. No 17. For the reasons below, the Court **DENIES** the motion to remand and **GRANTS** the motion to dismiss.

I.  **FACTUAL ALLEGATIONS**

Plaintiff is a former employee of Vident Financial, a financial management company. Dkt. No. 1-1 ("Compl.") ¶¶ 15–16. Plaintiff alleges that Defendant Vince Birley, the CEO, and Defendant Mohammed Baki, an executive, conspired to defraud him out of his earned equity in Vident Investment Advisory, owned in whole or in part by Vident Financial. *See id.* ¶¶ 28, 39–68. By the end of his employment in 2018, Plaintiff had a 3.75% vested membership interest (out of a possible 5%) in Vident Investment Advisory. *Id.* ¶¶ 15, 38. According to Plaintiff, Defendants persistently discouraged him from exercising his vested options, sometimes by making promises and reassuring him that no further action was needed. *Id.* ¶¶ 39, 41–43, 45–46, 50, 52, 58, 63–64. Then, in 2021, Defendants informed Plaintiff that he did not own the membership interest because he had not formalized the exercise of his vested options. *Id.* ¶ 67.

Plaintiff now brings claims for fraud and breach of contract against Birley, Vident Financial, and Vident Investment Advisory, and one claim of conspiracy against Baki, who he

alleges contacted him on Birley's behalf to discourage Plaintiff from exercising his vested options. *Id.* ¶¶ 50, 69–137.

Plaintiff initially filed this case in San Francisco County Superior Court in July 2022, and Defendants removed it in October 2022. Plaintiff now moves to remand. Dkt. No. 16. Additionally, Defendant Baki moves to dismiss the claim against him for lack of personal jurisdiction, or in the alternative, failure to state a claim. Dkt. No. 17.

## II. MOTION TO REMAND

### A. Legal Standard

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" to federal court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). To properly invoke diversity jurisdiction, the defendant bears the burden of proving that the parties in the action are completely diverse, meaning that "each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). If the district court lacks jurisdiction over an action, a plaintiff may seek remand to state court. 28 U.S.C. § 1447(c).

### B. Discussion

Plaintiff does not challenge the amount in controversy requirement, but contends that Defendants have not established complete diversity of citizenship. Dkt. No. 16 at 3–4. The Court disagrees.

#### 1. Plaintiff's Citizenship

Defendants assert that Plaintiff was a citizen of California or Nevada at the time of filing and provided public records of Plaintiff's active addresses in both states. Dkt. No. 22 at 8; Dkt. No. 22-1 at 6–7. Plaintiff's argument to the contrary boils down to a refusal to disclose where he resided at the time this case was filed, but Plaintiff "cannot try to defeat diversity jurisdiction by refusing to say where he is from." *Wang v. BMW of N. Am., LLC*, No. 21-CV-06573-VC, 2021 WL 5576152, at *1 (N.D. Cal. Nov. 30, 2021). And he "cannot hide behind abstract and

1  reactionary burden of proof arguments without producing any evidentiary support to the contrary."
2  *Nguyen v. BMW of N. Am., LLC*, No. 20-CV-02432JLSBLM, 2021 WL 2411417, at *3 (S.D. Cal.
3  June 14, 2021). In his complaint, Plaintiff repeatedly refers to himself as a "citizen of California,"
4  states that he was always employed in San Francisco, and alleges that the acts in the complaint
5  occurred there. *See* Compl. ¶¶ 1, 15, 50–51, 58. Plaintiff simply could have filed a declaration
6  stating where he resides, but he chose not to, and he has not offered any documentation
7  demonstrating that his residence changed. Thus, the Court finds that Plaintiff is a citizen of
8  California or Nevada for purposes of diversity jurisdiction.

### 2. Defendants' Citizenship

Defendants assert that Vident Financial and Vident Investment Advisory are citizens of Delaware and Georgia, because they are incorporated in Delaware and have their principal place of business in Georgia. *See* Dkt. No. 1 ¶¶ 10–13; Dkt. No. 22-3 ¶¶ 3, 4, 6. Plaintiff responds that jurisdiction for limited liability companies is based on the citizenship of each of its members or owners. Dkt. No. 16 at 3–4. Plaintiff is correct, but that makes no difference on the facts here. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016). Defendants attest that Vident Financial is the sole member of Vident Investment Advisory. Dkt. No. 22-3 ¶ 3. In turn, Vident Financial's sole member is Vident Investors Oversight Trust, a Delaware statutory trust. *See id.* ¶ 5; Dkt. No. 22 at 11. A trust's citizenship for diversity jurisdiction is based either on the citizenship of its members or trustees, depending on the type of trust. *Americold Realty Tr. v. ConAgra Foods, Inc.*, 577 U.S. 378, 382–83 (2016). Here, the trust's sole member is Vident Holdings, incorporated and headquartered in Georgia. *See* Dkt. No. 22 at 13; Dkt. No. 22-3 ¶ 7. There are four trustees: (1) Birley, who is a citizen of Georgia, (2) Baki, who is a citizen of Ecuador, (3) Brian Shepler, who is a citizen of Georgia, and (4) the Delaware Trust Company, a citizen of Delaware. *See* Dkt. No. 22-3 ¶ 6. Either way, there is complete diversity between the parties.

1    Plaintiff offers no substantive response, and instead makes evidentiary objections[1] and
2 argues that the initial notice of removal was defective. *See* Dkt. No. 24. But as Defendants point
3 out, formal defects in a notice of removal can be cured through opposition to a motion to remand.
4 *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("The district court did not err in
5 construing Petsmart's opposition as an amendment to its notice of removal") (citing *Willingham v.*
6 *Morgan*, 395 U.S. 402, 407 n.3 (1969) ("it is proper to treat the removal petition as if it had been
7 amended to include the relevant information contained in the later-filed affidavits")). Thus, the
8 Court may consider the evidence provided in support of the opposition. *See, e.g.*, *Bratton v. FCA*
9 *US LLC*, No. 17-CV-01458-JSW, 2017 WL 11687946, at *7 (N.D. Cal. June 22, 2017).

10   The Court finds that because the parties are completely diverse, it has diversity jurisdiction
11 over this matter, and accordingly **DENIES** the motion to remand.

## III. MOTION TO DISMISS

### A. Legal Standard

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Where a state, like California, "allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution," federal courts ask whether the exercise of jurisdiction over a defendant "comports with the limits imposed by federal due process." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); Cal. Civ. Proc. Code § 410.10 (providing that California's long-arm statute is coextensive with the federal due process clause). The Due Process Clause requires that the defendant have "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair

---

[1] Plaintiff argues that Defendant's factual showing is inadmissible because it amounts to "unsubstantiated legal conclusions" based solely on Defendant Birley's declaration. *See* Dkt. No. 24 at 1. These objections are overruled. Defendant Birley states that his declaration is based on his personal knowledge as the CEO of Vident Financial. *See Vasquez v. Randstad US, L.P.*, No. 17-cv-04342-EMC, 2018 WL 327451, at *2 n.3 (N.D. Cal. Jan. 9, 2018) (overruling foundation objections when a declarant stated she had personal knowledge of the facts and explained the foundation for her statements). Further, it is proper to consider declarations for the purpose of determining jurisdiction. *See Socoloff v. LRN Corp.*, 2013 WL 4479010, at *3 (C.D. Cal. Aug. 19, 2013) (considering declaration of the corporate defendant's chief financial officer affirming the place of incorporation and principal place of business).

play and substantial justice." *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945) (citations and internal quotation marks omitted). There are two types of personal jurisdiction: "general or all-purpose" and "specific or case-linked." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

### B. Discussion

Defendant Baki moves to dismiss the claim against him for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). *See* Dkt. No. 17. The Court finds that it does not have personal jurisdiction over Baki and **GRANTS** the motion to dismiss.[2]

#### 1. General Jurisdiction

"General jurisdiction . . . permits a court to hear any and all claims against a defendant, whether or not the conduct at issue has any connection to the forum." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quotation omitted). A court may exercise general jurisdiction over a defendant when that defendant's activities are so "continuous and systematic as to render them essentially at home in the forum State." *Daimler*, 571 U.S. at 127. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear*, 564 U.S. at 924. Individuals are domiciled in their "permanent home," or the place where they "inten[d] to remain or to which [they intend] to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

At most, Plaintiff establishes that Baki took frequent trips to California for business and to visit family, which is insufficient to confer general jurisdiction. Dkt. No. 21-1 ("Malekar Decl.") ¶¶ 7–8. Baki asserts that at the time of filing, he was—and continues to be—domiciled in Ecuador. Dkt. No. 1-4 ("Baki Decl.") ¶ 2; Dkt. No. 23-2 ("Baki Reply Decl.") ¶¶ 1–3. Baki states that before that, he was domiciled in Lebanon, where he was caring for his father, and that although family members live in California, he was in California less than thirty days per year on average between 2017 and 2022. Baki Reply Decl. ¶¶ 3, 5–6. According to Plaintiff, he had five to ten conversations with Baki between 2015 and 2020 where "the subject of the San Diego area,

---

[2] Because the Court finds it lacks personal jurisdiction over Defendant Baki, it does not reach his argument that Plaintiff failed to state a claim under Rule 12(b)(6). *See* Dkt. No. 17 at 12–16.

and more specifically him living there," came up. Malekar Decl. ¶ 8. Plaintiff states that Baki dialed in to a meeting from San Diego, said his wife and father-in-law lived in the San Diego area, and chatted about San Diego weather. *See id.* Plaintiff also asserts that Baki visited him in San Francisco and mentioned traveling to Sacramento. *Id.* ¶ 10.

Although factual conflicts must be resolved in Plaintiff's favor, the Court finds no inherent conflict between the declarations of Baki and Plaintiff. *See Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Plaintiff carefully crafts his words, but stops short of disputing that Baki's domicile was Ecuador at the time of filing, instead arguing that he is subject to general jurisdiction because he was often present in California. Dkt. No. 21 at 7–8. As other California district courts have found, frequent visits to a forum, or even owning property in a forum, do not justify the exercise of general jurisdiction. *See Brown v. 140 NM LLC*, No. 17-CV-05782-JSW, 2019 WL 118425, at *6 (N.D. Cal. Jan. 7, 2019) (finding no general jurisdiction over nonresident defendants who spent substantial time in California and regularly visited for business); *OOO Brunswick Rail Mgmt. v. Sultanov*, No. 5:17-CV-00017-EJD, 2017 WL 264047, at *2 (N.D. Cal. Jan. 20, 2017) (finding no general jurisdiction over nonresident defendant who lived in California for brief periods and kept a California mailing address). Thus, the Court concludes it does not have general jurisdiction over Defendant Baki.

### 2. Specific Jurisdiction

"Specific jurisdiction . . . depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Ranza*, 793 F.3d at 1068 (quotations omitted). The Ninth Circuit has established a three-part inquiry to determine whether a court has specific personal jurisdiction over a defendant: "(1) the defendant must either 'purposefully direct his activities' toward the forum or 'purposefully avail[] himself of the privileges of conducting activities in the forum'; (2) 'the claim must be one which arises out of or relates to the defendant's forum-related activities'; and (3) 'the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.'" *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th

1   Cir. 2002)).  Plaintiff bears the burden of satisfying the first two prongs.  *Id.*  If Plaintiff does so,
2   the burden shifts to the defendant to "present a compelling case" that exercising jurisdiction
3   "would not be reasonable."  *Id.* at 1068–69.
4      For tort claims such as this one, courts use the "purposeful direction" test, which asks
5   whether a defendant committed (1) an intentional act, (2) expressly aimed at California, and (3)
6   causing harm that the defendant would likely be suffered in California.  *Id.* at 1069.  The Ninth
7   Circuit, interpreting the Supreme Court's holding in *Walden v. Fiore*, 571 U.S. 277 (2014), has
8   held that "while a theory of individualized targeting may remain relevant to the minimum contacts
9   inquiry, it will not, on its own, support the exercise of specific jurisdiction."  *Axiom*, 874 F.3d at
10  1070.  In other words, it is no longer enough to allege "wrongful conduct targeted at a plaintiff
11  whom the defendant knows to be a resident of the forum state."  *Id.* at 1069.  Instead, "the
12  defendant's suit-related conduct must create a substantial connection with the forum State."
13  *Walden*, 571 U.S. at 284.  The minimum contacts analysis thus "looks to the defendant's contacts
14  with the forum State itself, not the defendant's contacts with persons who reside there."  *Id.* at 285.
15     Plaintiff asserts that the Court has specific jurisdiction because Defendant Baki contacted
16  Plaintiff knowing that he was domiciled in California.  *See* Dkt. No. 21 at 10–11.  Baki's only
17  alleged connection to this case is the phone calls he made to Plaintiff discouraging him from
18  exercising his vested options.[3]  *See* Compl. ¶ 50; Malekar Decl. ¶¶ 16–17, 19.  This is insufficient
19  to confer specific jurisdiction under *Walden* and *Axiom*, as Plaintiff alleges only that Baki directed
20  his conduct toward Plaintiff knowing he resided in California.  *See Axiom*, 874 F.3d at 1069–70
21  ("[T]he Supreme Court rejected our conclusion that the defendants' knowledge of the plaintiffs'
22  strong forum connections, plus the foreseeable harm the plaintiffs suffered in the forum,
23  comprised sufficient minimum contacts." (quotations and alterations omitted)); *Mewawalla v.*
24  *Middleman*, 601 F. Supp. 3d 574, 591 (N.D. Cal. 2022) ("The fact that Plaintiff was living in
25  California when [Defendants] allegedly made fraudulent statements is not enough on its own to
26  satisfy the express aiming requirement under Supreme Court and Ninth Circuit authority.").  The
27
28
---
[3] Baki states these phone calls were made from Lebanon.  Baki Reply Decl. ¶¶ 4, 6.

Court finds that Defendant Baki's "suit-related conduct" did not "create a substantial connection with [California]." *See Walden*, 571 U.S. at 284.

The Court need not reach the second specific jurisdiction prong because the first is dispositive. However, even if it did, Plaintiff's only argument under the second prong is that Baki conspired with the other Defendants, creating an "affiliation between the forum and the underlying controversy." Dkt No. 21 at 11. The Ninth Circuit and district courts within the Ninth Circuit have not adopted a "conspiracy" theory of jurisdiction. *See, e.g.*, *Chirila v. Conforte*, 47 F. App'x. 838, 842–43 (9th Cir. 2002) (declining to apply the conspiracy theory of personal jurisdiction given doubts about its legitimacy); *Brown*, 2019 WL 118425 at *5 (declining to apply the conspiracy theory of jurisdiction in the absence of clear Ninth Circuit authority). "Allegations of a conspiracy do not establish as a matter of law that if one conspirator comes within the personal jurisdiction of our courts, then California may exercise jurisdiction over other non-resident defendants who are alleged to be part of that same conspiracy." *Page v. Minnesota Life Ins. Co.*, No. SACV 18-01208 AG KESX, 2019 WL 3059561 at *5 (C.D. Cal. Mar. 11, 2019). Rather, "[p]ersonal jurisdiction must be based on forum-related acts that were personally committed by each non-resident defendant." *Id.*

For these reasons, the Court finds that it does not have specific jurisdiction over Defendant Baki.[4]

## IV.    CONCLUSION

For the reasons above, the Court **DENIES** the motion to remand, Dkt. No. 16, and **GRANTS** the motion to dismiss Defendant Baki for lack of personal jurisdiction, Dkt. No. 17. The Court **SETS** a telephonic case management conference for May 23, 2023 at 2:00 p.m. The Court further **DIRECTS** the parties to submit a joint case management statement by May 16,

---

[4] Even if the Court applied the "purposeful availment" test, which applies to contract claims, the result would be the same. The Ninth Circuit has stated that "[b]oth this court and the courts of California have concluded that ordinarily 'use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state.'" *See Perzow v. Hogeg*, No. CV 19-2318-R, 2019 WL 6139111, at *3 (C.D. Cal. June 5, 2019), *aff'd*, 826 F. App'x 615 (9th Cir. 2020) (quoting *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985)).

2023.  All counsel shall use the following dial-in information to access the call:

    Dial-in: 888-808-6929

    Passcode: 6064255

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.  All attorneys appearing for a telephonic case management conference are required to dial in at least 15 minutes before the hearing to check in with the CRD.

**IT IS SO ORDERED.**

Dated:  5/1/2023

                                                   HAYWOOD S. GILLIAM, JR.
                                                 United States District Judge